ORIGINAL

1  CHARLES S. DONOVAN, Cal. Bar No. 103667
2  AMY B. NORRIS, Cal. Bar No. 201147
   NATHAN D. THOMAS Cal. Bar. No. 234931
3  SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability Partnership
     Including Professional Corporations
4  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106
5  Telephone:  415-434-9100
   Facsimile:   415-434-3947
6  Email:         cdonovan@sheppardmullin.com

7  Attorneys for Plaintiff CitiCapital
   Commercial Corporation
8

9              UNITED STATES DISTRICT COURT
10             SOUTHERN DISTRICT OF CALIFORNIA
11

12 | CITICAPITAL COMMERCIAL         | Case No. 06 CV 1024 BEN JMA
   | CORPORATION,                   |
13 |                                |
   |           Plaintiff,           | **ORDER FOR INTERLOCUTORY**
14 |                                | **SALE OF OCEAN EXPRESS**
   |      v.                        |
15 |                                | Date:       October 31, 2006
   | Vessel OCEAN EXPRESS, Official | Judge:      Hon. Jan M. Adler
16 | No. 1038282, her engines, tackle, | Courtroom:  D
   | apparel, etc., *in rem*, Dive Connections, |
17 | Inc., Ocean Express, Inc., Barry | No oral argument is scheduled.
   | Punshon, *in personam*,        |
18 |                                |
   |           Defendants.          |
19

20

21         Plaintiff Citicapital Commercial Corporation moved this Court for an
22 order authorizing the interlocutory sale of the defendant vessel OCEAN EXPRESS
23 (the "Vessel").  None of the defendants has opposed such an order.
24         Pursuant to Rule E(9)(b) of the Supplemental Rules for Certain
25 Admiralty and Maritime Claims of the Federal Rule of Civil Procedure, this Court
26 finds that the right for interlocutory sale exists on the grounds that:  there is no
27 reasonable prospect of securing a release of the Vessel; there has been unreasonable
28 delay in securing the Vessel; the Vessel is liable to deterioration, decay and injury

-1-

delay in securing the Vessel; the Vessel is liable to deterioration, decay and injury by being detained in custody pending final determination in the underlying action; and the Vessel is subject to mounting expenses which are, or will become, excessive or disproportionate.

IT IS HEREBY ORDERED that pursuant to Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rule of Civil Procedure, the vessel OCEAN EXPRESS her engines, tackle, apparel, equipment and all other appurtenances shall be sold at public auction, "as is, where is, free and clear of any claims, liens, rights of redemption or encumbrances whatsoever," on the 6th day of December 2006, at 10:00 a.m./p.m. by the United States Marshal under the following terms:

1. Notice of the sale of the Vessel shall be published for six days prior to the sale in San Diego Commerce and the Post-Press Newspaper, as required by Civil Local Rule E.1(e)(1);

2. During reasonable business hours, the Marshal or substitute custodian, if any, shall allow prospective purchasers or their representatives at their own risk reasonable inspection of the Vessel;

3. Citicapital Commercial Corporation is authorized to bid up to the total amount of the secured indebtedness, $169,970.84, without the necessity of putting up cash for the purchase of the Vessel;

4. ~~The Marshal shall conduct the sale in the United States District Courthouse, 940 Front Street, San Diego, CA 92101-8900.~~

5. At the beginning of the sale, the Marshal shall inform prospective bidders that no warranties, express or implied, are given in any form, including but not limited to warranties for particular purpose, merchantability, and condition of seaworthiness;

6. In accordance with Civil Local Rule E.1(e)(2), the Vessel shall be sold to the highest bidder at the sale and the Marshal shall require that bidder deposit a

1  minimum in cash, certified check or cashier's check of the full purchase price that
2  not to exceed $500.00, and otherwise $500.00 or 10% of the bid, whichever is
3  greater.  Provided, however that as stated in Paragraph (3) above, Citicapital
4  Commercial Corporation shall not be required to make a deposit, except to the
5  extent its bid exceeds the total amount of the secured indebtedness.  The balance, if
6  any, of the purchase price shall be paid in cash, certified check or cashier's check
7  before confirmation of the sale or within three days of the dismissal of any
8  opposition which may have been filed, exclusive of Saturdays, Sundays and legal
9  holidays;
10          7.      In accordance with Civil Local Rule E.1(e)(2), at the conclusion of the
11  sale, the Marshal shall forthwith file a written report to the Court of the fact of sale,
12  the price obtained and the name and address of the buyer.  The Clerk of the Court
13  shall endorse upon such report the time and date of its filing.  If within 3 days,
14  exclusive of Saturdays, Sundays and legal holidays, no written objection is filed, the
15  sale shall stand confirmed as of course, without the necessity of any affirmative
16  action thereon by the Court and the Clerk upon request shall so state to the Marshal
17  in writing; except that no sale shall stand confirmed until the buyer has complied
18  fully with the terms of the purchase.  If no opposition to the sale is filed, the
19  expenses of keeping the property pending confirmation of sale shall be charged
20  against the party bearing expenses before the sale (subject to taxation as costs),
21  except that if confirmation is delayed by the purchaser's failure to pay any balance
22  which is due on the price, the cost of keeping the property subsequent to the 3-day
23  period specified above shall be borne by the purchaser;
24          8.      A successful bidder who fails to pay the balance of the bid within the
25  time allowed under Civil Local Rule E.1(e)(2), or a different time specified by the
26  Court shall also pay the Marshal the costs of keeping the property from the date
27  payment of the balance was due to the date the bidder pays the balance and takes
28

1  delivery of the property. Unless otherwise ordered by the Court, the Marshal shall
2  refuse to release the Vessel until this additional charge is paid;
3       9.   A successful bidder who fails to pay the balance of the bid within the
4  time allowed by Civil Local Rule E.1(e)(2) or a different time specified by the
5  Court, is in default and the Court may at any time thereafter order a sale to the
6  second highest bidder or order a new sale as appropriate. Any sum deposited by the
7  bidder in default shall be applied to pay any additional costs incurred by the Marshal
8  by reason of the default including costs incident to resale. The balance of the
9  deposit, if any, shall be retained in the registry subject to further order of the Court,
10 and the Court shall be given written notice of its existence whenever the registry
11 deposits are reviewed;
12      10.  In accordance with Civil Local Rule E.1 (e)(2), a party filing an
13 opposition to the sale, whether seeking the reception of a higher bid or a new public
14 sale by the Marshal, shall give prompt notice to all other parties and to the
15 purchaser. Such party shall also, prior to filing an opposition, secure the Marshal's
16 endorsement upon it acknowledging deposit with the Marshal of the necessary
17 expense of keeping the property for at least 5 days. Pending the Court's
18 determination of the opposition, such party shall also advance any further expense at
19 such times and in such amounts as the Marshal shall request, or as the Court orders
20 upon application of the Marshal or the opposing party. Such expense may later be
21 subject to taxation as costs. In the event of failure to make such advance, the
22 opposition shall fail without necessity for affirmative action thereon by the Court. If
23 the opposition fails, the expense of keeping the property during its pendency shall be
24 borne by the party filing the opposition;
25      11.  All reasonable expenses of maintenance, keepers, custodians and
26 watchman's fees, port risk and other insurance, newspaper advertising as set forth
27 above and other expenses necessarily incurred by plaintiff or its agent for
28 maintenance, preservation of sale of the Vessel, and any other expenses necessarily

incurred by the Marshal for the safekeeping and the preservation of the Vessel, shall be deemed expenses;

12. Upon confirmation of the sale pursuant to this order, the Marshal shall deliver a bill of sale of the Vessel to the confirmed purchaser and the Vessel shall be conveyed "as is, where is, free and clear of any and all claims, liens and encumbrances of any type whatsoever;" and

13. The proceeds of this sale shall be deposited by the Marshal into the registry of the Court, after deduction of the Marshal's commission in accordance with 28 U.S.C. § 1921(c)(1), and shall be promptly deposited into an interest bearing account, pending further order of this Court authorizing distribution.

Dated: October 31, 2006

_____
United States District Judge

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within entitled action; my business address is Four Embarcadero Center, 17th Floor, San Francisco, California 94111-4106.

On **September 8, 2006**, I served the following document(s) described as **ORDER FOR INTERLOCUTORY SALE OF OCEAN EXPRESS** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Stanley J. Riney
777 Alvarado Road, Suite 619
La Mesa, CA 91941-3685

Ocean Express, Inc.
Attn: Barry Punshow
6482 Ambrosia, Suite 5401
San Diego, CA 92124

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 415-434-3947. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2008(e), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **September 8, 2006**, at San Francisco, California.

_Jennie Chin_
Jennie Chin

W02-WEST:FJC\400074024.1