1  CHARLES S. DONOVAN, Cal. Bar No. 103667
AMY B. NORRIS, Cal. Bar No. 201147
2  NATHAN D. THOMAS Cal. Bar. No. 234931
SHEPPARD MULLIN RICHTER & HAMPTON LLP
3    A Limited Liability Partnership
    Including Professional Corporations
4  Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
5  Telephone:  415-434-9100
Facsimile:  415-434-3947
6  Email:       cdonovan@sheppardmullin.com
7  Attorneys for Plaintiff CitiCapital Commercial Corporation

8

9                  UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11

| CITICAPITAL COMMERCIAL CORPORATION, | Case No. 06 CV 1024 BEN JMA |
|---|---|
| Plaintiff, | **AMENDED ORDER FOR INTERLOCUTORY SALE OF OCEAN EXPRESS** |
| v. | |
| Vessel OCEAN EXPRESS, Official No. 1038282, her engines, tackle, apparel, etc., *in rem*, Dive Connections, Inc., Ocean Express, Inc., Barry Punshon, *in personam*, | Date:          October 31, 2006<br>Judge:        Hon. Jan M. Adler<br>Courtroom:   D |
| Defendants. | No oral argument heard. |

        Plaintiff Citicapital Commercial Corporation moved this Court for an order

authorizing the interlocutory sale of the defendant vessel OCEAN EXPRESS (the

"Vessel").  None of the defendants has opposed such an order.

              Pursuant to Rule E(9)(b) of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rule of Civil Procedure, this Court

finds that the right for interlocutory sale exists on the grounds that:  there is no

reasonable prospect of securing a release of the Vessel; there has been unreasonable delay in securing the Vessel; the Vessel is liable to deterioration, decay and injury by being detained in custody pending final determination in the underlying action; and the Vessel is subject to mounting expenses which are, or will become, excessive or disproportionate.

IT IS HEREBY ORDERED that pursuant to Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rule of Civil Procedure, the vessel OCEAN EXPRESS her engines, tackle, apparel, equipment and all other appurtenances shall be sold at public auction, "as is, where is, free and clear of any claims, liens, rights of redemption or encumbrances whatsoever," on the 6th day of December, 2006, at 10:00 a.m. by the United States Marshal under the following terms:

1.      Notice of the sale of the Vessel shall be published for six days prior to the sale in San Diego Commerce, as required by Civil Local Rule E.1(e)(1);

2.      During reasonable business hours, the Marshal or substitute custodian, if any, shall allow prospective purchasers or their representatives at their own risk reasonable inspection of the Vessel;

3.      Citicapital Commercial Corporation is authorized to bid up to the total amount of the secured indebtedness, $169,970.84, without the necessity of putting up cash for the purchase of the Vessel;

4.      The Marshal shall conduct the sale at the Vessel's mooring at Driscoll Boat Works 2500 Shelter Island Drive, San Diego, CA 92106.

5.      At the beginning of the sale, the Marshal shall inform prospective bidders that no warranties, express or implied, are given in any form, including but not limited to warranties for particular purpose, merchantability, and condition of seaworthiness;

-2-

W02-WEST:5AN\400128097.1

ORDER FOR INTERLOCUTORY SALE

6.      In accordance with Civil Local Rule E.1(e)(2), the Vessel shall be sold to the highest bidder at the sale and the Marshal shall require that bidder deposit a minimum in cash, certified check or cashier's check of the full purchase price that not to exceed $500.00, and otherwise $500.00 or 10% of the bid, whichever is greater.  Provided, however that as stated in Paragraph (3) above, Citicapital Commercial Corporation shall not be required to make a deposit, except to the extent its bid exceeds the total amount of the secured indebtedness.  The balance, if any, of the purchase price shall be paid in cash, certified check or cashier's check before confirmation of the sale or within three days of the dismissal of any opposition which may have been filed, exclusive of Saturdays, Sundays and legal holidays;

7.      In accordance with Civil Local Rule E.1(e)(2), at the conclusion of the sale, the Marshal shall forthwith file a written report to the Court of the fact of sale, the price obtained and the name and address of the buyer.  The Clerk of the Court shall endorse upon such report the time and date of its filing.  If within 3 days, exclusive of Saturdays, Sundays and legal holidays, no written objection is filed, the sale shall stand confirmed as of course, without the necessity of any affirmative action thereon by the Court and the Clerk upon request shall so state to the Marshal in writing; except that no sale shall stand confirmed until the buyer has complied fully with the terms of the purchase.  If no opposition to the sale is filed, the expenses of keeping the property pending confirmation of sale shall be charged against the party bearing expenses before the sale (subject to taxation as costs), except that if confirmation is delayed by the purchaser's failure to pay any balance which is due on the price, the cost of keeping the property subsequent to the 3-day period specified above shall be borne by the purchaser;

8.      A successful bidder who fails to pay the balance of the bid within the

-3-
W02-WEST:5AN\400128097.1

ORDER FOR INTERLOCUTORY SALE

1    time allowed under Civil Local Rule E.1(e)(2), or a different time specified by the

2    Court shall also pay the Marshal the costs of keeping the property from the date

3    payment of the balance was due to the date the bidder pays the balance and takes

4    delivery of the property.  Unless otherwise ordered by the Court, the Marshal shall

5    refuse to release the Vessel until this additional charge is paid;

6         9.    A successful bidder who fails to pay the balance of the bid within the

7    time allowed by Civil Local Rule E.1(e)(2) or a different time specified by the

8    Court, is in default and the Court may at any time thereafter order a sale to the

9    second highest bidder or order a new sale as appropriate.  Any sum deposited by the

10   bidder in default shall be applied to pay any additional costs incurred by the Marshal

11   by reason of the default including costs incident to resale.  The balance of the

12   deposit, if any, shall be retained in the registry subject to further order of the Court,

13   and the Court shall be given written notice of its existence whenever the registry

14   deposits are reviewed;

15

16        10.   In accordance with Civil Local Rule E.1 (e)(2), a party filing an

17   opposition to the sale, whether seeking the reception of a higher bid or a new public

18   sale by the Marshal, shall give prompt notice to all other parties and to the

19   purchaser.  Such party shall also, prior to filing an opposition, secure the Marshal's

20   endorsement upon it acknowledging deposit with the Marshal of the necessary

21   expense of keeping the property for at least 5 days.  Pending the Court's

22   determination of the opposition, such party shall also advance any further expense at

23   such times and in such amounts as the Marshal shall request, or as the Court orders

24   upon application of the Marshal or the opposing party.  Such expense may later be

25   subject to taxation as costs.  In the event of failure to make such advance, the

26   opposition shall fail without necessity for affirmative action thereon by the Court.  If

27   the opposition fails, the expense of keeping the property during its pendency shall

28

-4-
W02-WEST:5AN\400128097.1                    ORDER FOR INTERLOCUTORY SALE

1    be borne by the party filing the opposition;

2        11.    All reasonable expenses of maintenance, keepers, custodians and

3    watchman's fees, port risk and other insurance, newspaper advertising as set forth

4    above and other expenses necessarily incurred by plaintiff or its agent for

5    maintenance, preservation of sale of the Vessel, and any other expenses necessarily

6    incurred by the Marshal for the safekeeping and the preservation of the Vessel, shall

7    be deemed expenses;

8        12.    Upon confirmation of the sale pursuant to this order, the Marshal shall

9    deliver a bill of sale of the Vessel to the confirmed purchaser and the Vessel shall be

10   conveyed "as is, where is, free and clear of any and all claims, liens and

11   encumbrances of any type whatsoever;" and

12       13.    The proceeds of this sale shall be deposited by the Marshal into the

13   registry of the Court, after deduction of the Marshal's commission in accordance

14   with 28 U.S.C. § 1921(c)(1), and shall be promptly deposited into an interest

15   bearing account, pending further order of this Court authorizing distribution.

16

17       **IT IS SO ORDERED.**

18   DATED:  November 28, 2006

19   _____
     Jan M. Adler
20   U.S. Magistrate Judge

21

22

23

24

25

26

27

28

W02-WEST:5AN\400128097.1                    ORDER FOR INTERLOCUTORY SALE